UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff/Respondent,　　　　　　　　MEMORANDUM OPINION
　　　　　　　　　　　　　　　　　　　　　AND ORDER
Ineye DaKoureye Bobmanuel,　　　　　　Criminal No. 07-68

    Defendant/Petitioner.
_____

    David P. Steinkamp, Assistant United States Attorney, Counsel for Plaintiff/Respondent.

    Defendant/Petitioner, on his own behalf.

_____

    This matter is before the Court upon Petitioner's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255.

**FACTUAL BACKGROUND**

    Petitioner was indicted on March 13, 2007 and charged with possession with intent to distribute 50 grams or more of cocaine base (crack) and possession of a pistol by a felon. On November 18, 2008, Petitioner entered into a Plea Agreement by which he pled guilty to possession with intent to distribute in exchange for dismissal of the felon in possession count.

At sentencing on April 7, 2009, the Court determined that Petitioner is a career offender under U.S.S.G. § 4B1.1(a) as he had two prior felony convictions for crimes of violence (burglary and attempted burglary). The Court also found that Petitioner possessed a gun, but determined that the firearm enhancement under U.S.S.G. § 2D1.1(b)(1) was moot due to the career offender finding, see § 4B1.1(b). The Court granted the Government's motion pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 and departed from the advisory guidelines range due to the substantial assistance Petitioner provided to the Government. Petitioner was thereafter sentenced to a term of 120 months, which was the statutory minimum.

Petitioner filed an appeal with the Eighth Circuit Court of Appeals raising two arguments: (1) that he is not a career offender because his prior convictions are for burglary of a commercial building, rather than burglary of a dwelling, and under Begay v. United States, 553 U.S. 137 (2008), a "crime of violence" does not include burglary of a commercial building; and (2) that the Court incorrectly found that he possessed a gun.

The Eighth Circuit rejected Petitioner's first argument and held that the second argument was moot because the Court had properly determined

Petitioner was a career offender and as result, the firearm enhancement did not affect the total offense level. United States v. Bobmanuel, 366 Fed. App'x 693 (8th Cir. 2010).  Petitioner thereafter filed this petition pursuant to 28 U.S.C. § 2255, seeking to correct his sentence.

**STANDARD**

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."

In his petition, Petitioner seeks to correct his sentence based on three grounds: (1) that the Court did not consider the disparity between crack and powder cocaine at sentencing; (2) that the Court incorrectly found that the firearm enhancement would apply if Petitioner was not determined to be a career offender; and (3) that the Court incorrectly determined that Petitioner is a career offender.

Petitioner requests relief based on the disparity between crack and powder cocaine. During sentencing, the Court granted the Government's motion on behalf of the Defendant under U.S.S.G. § 5K1.1 and 18 U.S.C. §

3553(e). The Court also granted Petitioner's motion for downward departure based on the Court's finding that a criminal history category VI overstated the Petitioner's criminal history and the likelihood he would reoffend. The Court acknowledged Petitioner's motion for a downward variance based on the crack/powder cocaine disparity, but did not grant such motion as is clear in the Statement of Reasons.

Petitioner did not raise this issue on direct appeal which constitutes a procedural default and may bar Petitioner from raising the issue for the first time in a § 2255 motion. Dejan v. United States, 208 F.3d 682, 685 (8th Cir. 2000) (citing Bousley v. United States, 523 U.S. 614, 621–22 (1998)); Matthews v. United States, 114 F.3d 112, 113 (8th Cir. 1997); Anderson v. United States, 25 F.3d 704, 706 (8th Cir. 1994) (finding that a motion under 28 U.S.C. § 2255 does not serve as a substitute for a direct appeal). The Court may excuse a default if the Petitioner demonstrates: (1) a cause that would excuse the default; and (2) prejudice or actual innocence. McNeal v. United States, 249 F.3d 747, 749 (8th Cir. 2001) (citation omitted); Matthews, 114 F.3d at 113. Petitioner does not address cause, prejudice, or actual innocence in his § 2255 motion. Thus, the

4

Court cannot excuse the procedural default on these bases and Petitioner is not entitled to habeas relief based on this ground.

Petitioner next challenges the Court's determination that he possessed a firearm. On appeal, the Eighth Circuit found that the firearm issue was moot because the Court correctly found that Petitioner is a career offender. Bobmanuel, 366 Fed. App'x at 694–95. "Issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255." United States v. Wiley, 245 F.3d 750, 752 (8th Cir. 2001) (citing U.S. v. McGee, 201 F.3d 1022, 1023 (8th Cir. 2000)). The claim must fail unless there is new evidence or argument by which to demonstrate that this issue was decided incorrectly. Here, Petitioner has not presented any new evidence or demonstrated that the Eighth Circuit decided the issue incorrectly.

Petitioner also asserts that the firearm enhancement has resulted in collateral consequences, specifically the prevention of Petitioner getting time off his sentence for completion of the Residential Drug Abuse Program provided by the Bureau of Prisons (BOP). This claim is one that challenges the execution of a sentence. Such claims must be filed under 28 U.S.C. § 2241 and in the district of incarceration. Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002)

(citing Bell v. U.S., 48 F.3d 1042, 1043 (8th Cir. 1995)). Petitioner is currently incarcerated in West Virginia. Thus, this claim is not properly before this Court. Furthermore, Petitioner has not demonstrated that he has exhausted his administrative remedies through the BOP. Accordingly, Petitioner is not entitled to habeas relief based on these grounds.

Finally, Petitioner challenges the Court's determination that he is a career offender. After filing his notice of appeal, Petitioner submitted a letter to the Court of Appeals acknowledging that United States v. Stymiest, 581 F.3d 759 (8th Cir. 2009) foreclosed the career offender issue. On appeal, the Eighth Circuit found that the Court correctly determined that that Petitioner is a career offender. Bobmanuel, 366 Fed. App'x at 694–95. Similar to ground two, ground three was raised and decided on direct appeal and cannot be relitigated here unless there is new evidence or argument by which to demonstrate that this issue was decided incorrectly." Wiley, 245 F.3d at 752 (citing McGee, 201 F.3d at 1023). Petitioner has not presented any new evidence or argument to demonstrate that the Eighth Circuit decided these issues incorrectly. Accordingly, the Court finds no merit to Petitioner's claims that the Court

incorrectly determined that he is a career offender. Thus, his habeas petition on these grounds must be denied.

An applicant for a writ of habeas corpus may not take an appeal unless a judge issues a certificate of appealability under 28 U.S.C. § 2253(c); see also Fed. R. App. P. 22. In order for a certificate of appealability to issue, an applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997). Based on the files, records, and proceedings herein, the Court finds no basis upon which to grant Petitioner a certificate of appealability.

IT IS HEREBY ORDERED that the Petition to Vacate, Correct or Set Aside Sentence [Doc. No. 48] is DENIED. The Court denies a certificate of appealability in this case.

Date:   March 14, 2011

                                              s/ Michael J. Davis
                                              Michael J. Davis
                                              Chief Judge
                                              United States District Court